UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEON HAYES                                                                                      PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:18-CV-465-DPJ-JCG

SHELLEY GRIFFITH, ET AL.                                                                DEFENDANTS

ORDER

Plaintiff Leon Hayes, a state inmate, says he was severely injured when three corrections officers beat him in his cell; the beating continued after he was handcuffed. Am. Compl. [23] at 3–4; Hayes Decl. [43-12] at 1. Based on this alleged attack, on July 16, 2018, Hayes brought claims under 42 U.S.C. § 1983 against the Mississippi Department of Corrections ("MDOC"), its director Pelicia Hall, and the involved corrections officers. Compl. [1]. About one year later, Hayes amended his complaint to include five claims under § 1983 for violations of his Fourth, Eighth, and Fourteenth Amendment rights. Am. Compl. [23] at 5–9. Hayes then served this complaint on Hall, the MDOC, and two corrections officers—Reginald Brown and Shelley Griffith. Hall Proof of Service [26]; MDOC Proof of Service [25]; Brown Proof of Service [36]; Griffith Waiver Executed [18].

Soon after service, Hall and MDOC filed a motion to dismiss for lack of jurisdiction [28] that Hayes did not oppose; they were dismissed from the case. Order [35]. But Defendants Griffith and Brown neither answered Hayes's amended complaint nor sought additional time to do so. So, on June 10, 2020, Hayes moved for entry of default against Brown and Griffith, and the next day the Clerk of Court entered default against the two. Mot. [40]; Entry of Default [41].

Hayes now seeks default judgment against Brown and Griffith under Federal Rule of Civil Procedure 55. Pl.'s Mem. [44] at 1. Specifically, he asks the Court to award him $500,000 in damages to compensate for the pain and flashbacks he experiences from the beating. *Id.* at 4.

Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" a lawsuit. Fed. R. Civ. P. 55(a). While default judgments are generally not favored, "[t]his policy . . . is counterbalanced by consideration of social goals, justice and expediency, a weighing process [that] lies largely within the domain of the trial judge's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999) (quoting *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) (internal quotation marks omitted).

In this case, default judgment against Brown and Griffith is appropriate. Both Brown and Griffith were properly served yet neither defendant answered or appeared in the case. Brown Proof of Service [36]; Griffith Waiver Executed [18]. Furthermore, there is "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Hayes's Motion for Default Judgment [43] is therefore granted against Reginald Brown and Shelley Griffith.

While "[a] default judgment is a judgment on the merits that conclusively establishes the defendant's liability[,] . . . it does not establish the amount of damages." *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The Court must determine that sum. *Pope v. United States*, 323 U.S. 1, 12 (1944). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). It is only where "the amount claimed is a liquidated sum or one capable of mathematical calculation" that "a hearing or a demonstration by detailed affidavits establishing the necessary facts" is not required. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Here, Hayes seeks a $500,000 judgment against Brown and Griffith based on the nature of the beating and its long-term effects. Pl.'s Mem. [44] at 4. He includes a declaration with an attached handwritten letter to his motion that summarizes the beating as well as the pain and flashbacks he still endures. Hayes Decl. [43-12]. Hayes explains he is "in constant pain" and continually seeks outside medical attention but cannot receive it because of MDOC's treatment policy. *Id.* at 3. He also states that he "still see[s] in [his] mind[']s eye those officers beating [him] for no apparent reason." *Id.* Hayes attaches no other evidence to his motion to support his damage request.

Hayes's declaration provides insufficient detail to forgo an evidentiary hearing on damages. *Richardson v. Salvation Army, S. Territory, USA*, No. 98-10151, 1998 WL 723820, at *1 (5th Cir. 1998) ("The court may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum. Absent any information of this type, the district court is required to hold a hearing to determine the appropriate awards for damages . . . ." (citation omitted)); *see, e.g., Adkins v. Manning*, No. 15-CV-3215-JAR-KGG, 2018 WL 4491218, at *2 (D. Kan. Sept. 19, 2018) (finding inmate's affidavit alone was insufficient to establish proof necessary to award pain and suffering damages for excessive-force violations without a hearing).

While there is evidence that Hayes has endured pain and suffering, it is hard to calculate the monetary damages for those injuries. For example, the Court currently lacks records showing his initial medical treatment. *See* Am. Compl. [23] at 3–4. A hearing is therefore necessary to determine the amount to which Hayes is entitled. The Court directs Hayes to either contact Courtroom Deputy Shone Powell to set this matter for an evidentiary hearing on damages or to notify the Court that no hearing is sought at this time.

**SO ORDERED AND ADJUDGED** this the 22nd day of June, 2021.

                                                                  s/ *Daniel P. Jordan III*
                                                                   CHIEF UNITED STATES DISTRICT JUDGE